IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:10-CV-49 (CDL) |
| BLINK BAR & GRILL, INC. d/b/a THE SHANTY SHACK AND RIB SHACK, JOHN L. JACKSON, MARIE A. JACKSON, PATRICK CRAWFORD, VICTOR DOWDNEY, and MELISSA TAYLOR, individually and as the surviving spouse of MARTIN TAYLOR, | * |
| Defendants. | |

O R D E R

In this declaratory judgment action, Plaintiff Colony Insurance Company ("Colony Insurance") seeks a determination as to whether it has a duty under Georgia law to defend and indemnify certain claims asserted in lawsuits filed in the Superior Court of Muscogee County, Georgia. Subsequent to the filing of this declaratory judgment action, several of the Defendants in this federal action filed a declaratory judgment action in the Superior Court of Muscogee County, Georgia seeking a determination that Colony Insurance has a duty under Georgia law to defend and indemnify for those same claims. The legal issues to be decided are the same in both declaratory judgment actions and the resolution of those issues involves interpretation of Georgia law. On November 16, 2010, summary judgment was granted in favor of the plaintiffs in the superior court action, finding that Colony Insurance could not assert its "non-coverage defenses" under

Georgia law. Notice of Order Filed in Pending State-Court Action Ex. A, Muscogee County Superior Court Order 7, ECF No. 40-1. Colony Insurance has appealed that decision to the Georgia Court of Appeals. Notice of Order Filed in Pending State-Court Action Ex. B, Notice of Appeal 1, ECF No. 40-2.

Presently pending before this Court are Plaintiff's Motion for Summary Judgment (ECF No. 18) and Defendants' Motion for Summary Judgment or in the Alternative Motion to Dismiss and/or Abstain (ECF No. 19). The Court finds that under well-established law it should abstain from exercising jurisdiction over this action in favor of the parallel state court action. *See Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir. 2005) ("'[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'") (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). Having balanced the appropriate factors, *see Ameritas*, 411 F.3d at 1330-31, the Court dismisses Plaintiff's Complaint without prejudice. The pending motions for summary judgment are consequently moot. In light of this ruling, the hearing previously scheduled for December 10, 2010 is canceled.

IT IS SO ORDERED, this 1st day of December, 2010.

                                                <u>S/Clay D. Land</u>  
                                                    CLAY D. LAND  
                                      UNITED STATES DISTRICT JUDGE